IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DONALD R. FOSHEE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 06-2619 B/V** |
| ) | ✓**Case No. 06-2671 Ma/V** |
| **FOREST HILL FUNERAL HOME and,** ) | |
| **MEMORIAL PARK-EASE, LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**REPORT AND RECOMMENDATION**

Pursuant to Order entered November 1, 2006 (*see, Docket Entry #114*), the Clerk of Court has been instructed to make a determination and recommendation regarding the pending Motion to Accept Transfer in Case No. 06-cv-02619 (*see, Docket Entry #11-2*) filed by Defendant Community Trust & Investment Co., Inc. (hereinafter referred to as "Defendant Community Trust").

**PROCEDURAL BACKGROUND**

On September 19, 2006, a group of plaintiffs (hereinafter collectively referred to as "Plaintiff Parent") filed as an original proceeding in this Court (Case No. 06-cv-02612) a class-action contract dispute against a group of defendants, including Defendant Community Trust (*see, Docket Entry #1-2*). That case was randomly assigned to District Judge Jon P. McCalla and Magistrate Judge Tu M. Pham.

On September 20, 2006, another plaintiff (hereinafter referred to as "Plaintiff LaPradd") filed as an original proceeding in this Court (Case No. 06-cv-02617), a class-action contract dispute against a group of defendants, including Defendant Community Trust (*see, Docket Entry #1-2*). That case was randomly assigned to District Judge Samuel H. Mays, Jr. and Magistrate Judge Diane K. Vescovo.

On September 20, 2006, another group of plaintiffs (hereinafter collectively referred to as "Plaintiff Foshee") filed as an action removed from state court to this Court (Case No. 06-cv-02619) a class-action contract dispute against a group of defendants, including Defendant

Community Trust (*see, Docket Entry #1*). That case was randomly assigned to District Judge J. Daniel Breen and Magistrate Judge Diane K. Vescovo.

The case removed from state court by Plaintiff Foshee had been originally filed on August 18, 2006 in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis as Case No. CH-06-1633-1. Therefore, while Plaintiff Forshee's complaint is the last-filed of the three cases now filed in federal court, it was the first-filed overall, taking into consideration its initial filing date in state court.

Under Local Rule 83.3(a)(3), in cases like these three, where the parties, the facts, the causes of action, the claims for relief and the legal issues are basically the same, the Clerk of Court is supposed to assign similar or so-called *companion* cases to the same Judge in lieu of utilizing the randomized appointment process for the later-filed similar cases. It should be pointed out, however, that when Case Nos. 06-cv-02617 and 06-cv-02619 were filed, neither counsel indicated in Section VIII of their respective Civil Cover Sheets that there were any related cases pending in this Court, which is why the Clerk of Court's office randomly assigned them to different Judges.

Defendant Community Trust has now filed the pending Motion to Accept Transfer, requesting that all three cases be transferred to one Judge and that the Judge retaining all three cases should be District Judge Breen.

**ISSUE**

There seems to be no question among counsel for all parties that these three cases should be transferred to a single Judge for case administration and eventual trial purposes. In support of this conclusion the Clerk of Court points to, first, the Local Rule 7.2 Certificate of Consultation submitted by counsel for Defendant Community Trust as part of his Motion to Transfer, wherein he clearly indicates that counsel for plaintiffs and counsel for all defendants support his Motion to Transfer. The Clerk of Court also points to Local Rule 83.3(a)(3), which clearly supports the view that these three cases, which arise out of or are connected with the same transaction, condition or occurrence and thus share similar fact patterns and common legal issues, ought to be processed by one Judge as a matter of judicial economy in order to avoid an otherwise unnecessary multiplicity of trials and pretrial proceedings.

The sole *unanswered issue*, however, is to determine which of the three District Judges currently assigned to these three cases should continue as the sole presiding Judge for all three cases after the requested transfers are made.

## ANALYSIS

Defendant Community Trust argues in its Motion to Accept Transfer that Judge Breen ought to be the surviving Judge and that all three cases ought to be transferred to him despite the fact that the case randomly assigned to him (Case No. 06-cv-02619) was the last of the three cases filed in this Court. Defendant Parent and Defendant LaPradd argue the same thing in their respective motions to transfer filed in their own cases. The legal basis for this position is that despite the fact that Case No. 06-cv-02619 was the last-filed in the federal court, it was the first-filed case taking into consideration its state court filing date.

As framed by Defendant Community Trust, the issue would thus seem to decide whether the state court filing date or the date of removal to federal court is the date to look to under the so-called first-filed rule.

The Clerk of Court has reviewed the three cases cited by Defendant Community Trust. The Clerk finds those cases readily distinguishable from the instant case and hence, does not find them dispositive of this issue. One primary distinction is that in none of the cited cases were all of the actions under consideration for transfer already filed in the federal court. In the instant case, by comparison, all three actions were already filed, given case numbers and assigned presiding District Judges.

What is pertinent herein, however, is the well-recognized principle that after removal from state court, a federal court acquires full and exclusive jurisdiction over the litigation such that any removed case will proceed according to the federal rules and the applicable local rules just as though the removed case had been originally filed in the federal court.

Aside from the basic premise that once a case enters the federal courts it is subject (with quite limited exceptions) to federal rules of procedure and, in particular, local rules of court, the procedural events in this matter point out the potential for abuse with respect to so-called forum shopping. While there is no suggestion whatever that the practice occurred in the cases under consideration, the fact is that the events in these cases clearly demonstrate the potential for judge-shopping by controlling the order in which companion cases are filed in federal court or removed from state court and then assigned presiding judges. One simple way to prevent this is to follow the process set forth in Local Rule 83.3, which is to simply transfer companion cases to the first-filed companion case and to consider the first-filed companion case as the case first-filed in this Court without having to explore what might have happened in other courts.

As a result of the above considerations, the issue of which case is the earliest of the three cases being evaluated for transfer is to be determined in accordance with this Court's Local Rule 83.3(a)(3), and for this purpose the filing dates of these three companion cases is considered to be the dates that they each entered the federal court regardless of any prior state court activity.

3

## CONCLUSION

      Based on the foregoing analysis, the Clerk of Court is of the opinion that these cases ought to be transferred to District Judge McCalla insofar as he was the District Judge assigned to the companion case first filed in this Court, being Case No. 06-cv-02612, and it is the recommendation of the Clerk of Court that the remaining two cases, Case Nos. 06-cv-02617 and 06-cv-02619, ought to be transferred to District Judge McCalla.

Respectfully submitted,

/s/  Thomas M. Gould
Thomas M. Gould
Clerk of Court

Dated:  November 15, 2006